IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Shelley Maxwell, individually and on behalf of all others similarly situated | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No.   17 C 1224 |
| Dynamic Recovery Solutions, LLC, a South Carolina limited liability company, and Pendrick Capital Partners, LLC, a Delaware limited liability company, | ) ) ) ) ) ) | |
| Defendants. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Shelley Maxwell, individually and on behalf of all others similarly situated, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendants' form debt collection letter violated the FDCPA, and to recover damages, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; and, b) Plaintiff and Defendants reside here.

**PARTIES**

3. Plaintiff, Shelley Maxwell ("Maxwell"), is a citizen of the State of Illinois, residing in the Northern District of Illinois, from whom Defendants attempted to collect a delinquent consumer debt, which she allegedly owed for medical services.

4. Defendant, Dynamic Recovery Solutions, LLC ("Dynamic"), is a South Carolina limited liability company, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. Defendant Dynamic operates a nationwide debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant Dynamic was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant, Pendrick Capital Partners, LLC ("Pendrick"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. Defendant Pendrick operates a nationwide debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant Pendrick was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

6. Defendant Pendrick is a bad debt buyer that buys large portfolios of defaulted consumer debts for pennies on the dollar, which it then collects upon through other collection agencies such as Dynamic.

## FACTUAL ALLEGATIONS

7. In 2007 Ms. Maxwell fell behind in paying her debts, including one she allegedly owed to Windy City Emergency Physicians for medical services. At some point after that debt became delinquent, it was allegedly purchased/obtained by

Pendrick, which tried to collect upon it by having Defendant Dynamic send Ms. Maxwell a collection letter, dated May 3, 2016, demanding payment of this debt. A copy of this letter is attached as Exhibit A.

8. The statute of limitations in the State of Illinois for collecting the delinquent debt at issue was, pursuant to Illinois Code § 735 ILCS 5/13-205, is five years from the date of the last activity. Ms. Maxwell has made no payment on this account since 2007.

9. Nonetheless, Defendants' collection letter failed to warn Ms. Maxwell that the debt was time-barred and failed to warn that a payment could renew the statute of limitations. Instead, the letter makes several settlement offers to "resolve" the account and then claims that, upon completion of one of these offers, Ms. Maxwell would be issued a "satisfaction letter".

10. Defendants' collection actions constitute material violations of the FDCPA because they failed to disclose that the debt was time-barred and/or that payment might renew the statute of limitations. This lack of disclosure would leave the consumer without enough information to make a decision as to what to do about the debt at issue, and cause them to pay a debt that was time-barred, or make a partial payment that would renew the statute of limitations.

11. Defendants' collection actions complained of herein occurred within one year of the date of this Complaint.

12. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692e Of The FDCPA –
### False, Deceptive Or Misleading Collection Actions

13. Plaintiff adopts and realleges ¶¶ 1-12.

14. Section 1692e of the FDCPA prohibits a debt collector from using any false, deceptive or misleading representation or means in connection with the collection of any debt, including falsely representing the character, amount or legal status of any debt, see, 15 U.S.C. § 1692e(2)(A), as well as threatening to take any action that cannot legally be taken, see, 15 U.S.C. § 1692e(5).

15. Attempts by debt collectors to collect time-barred debts in a deceptive or misleading manner violate § 1692e of the FDCPA, see, Phillips v. Asset Acceptance, 736 F.3d. 1076, 1079 (7th Cir. 2013); McMahon v. LVNV Funding, 744 F.3d 1010, 1020-1021 (7th Cir. 2014); and Buchanan v. Northland Group, 776 F.3d 393, 398-399 (6th Cir. 2015).

16. By sending a form collection letter (Exhibit C) to collect a debt that was time-barred, without informing the consumer of that the debt was time-barred and that payment could restart the statute of limitations, Defendants violated § 1692e of the FDCPA.

17. Defendants' violation of § 1692e of the FDCPA renders them liable for Actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692f Of The FDCPA --
### Unfair Or Unconscionable Collection Actions

18. Plaintiff adopts and realleges ¶¶ 1-12.

4

19. Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect a debt, <u>see</u>, 15 U.S.C. § 1692f.

20. Defendants, by attempting to collect a time-barred debt, via a misleading and deceptive form debt collection letter, used an unfair or unconscionable means to collect a debt, in violation of § 1692f of the FDCPA.

21. Defendants' violation of § 1692f of the FDCPA renders them liable for statutory damages, costs, and reasonable attorneys' fees. <u>See</u>, 15 U.S.C. § 1692k.

## CLASS ALLEGATIONS

22. Plaintiff, Shelley Maxwell, brings this action individually and as a class action on behalf of all persons similarly situated in the State of Illinois from whom Defendants attempted to collect a delinquent, time-barred consumer debt, allegedly owed for a Windy City Emergency Physicians account, via the same form collection letter that Defendants sent to Plaintiff (Exhibit <u>C</u>), from one year before the date of this Complaint to the present. This action seeks a finding that Defendants' form letter violates the FDCPA, and asks that the Court award damages as authorized by § 1692k(a)(2) of the FDCPA.

23. Defendants regularly engage in debt collection, using the same form collection letter that they sent Plaintiff Maxwell, in their attempts to collect delinquent consumer debts from other consumers.

24. The Class consists of more than 35 persons from whom Defendants attempted to collect delinquent consumer debts by sending other consumers the same

form collection letter they sent Plaintiff Maxwell.

25.     Plaintiff Maxwell's claims are typical of the claims of the Class.  Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues.  Common relief is therefore sought on behalf of all members of the Class.  This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

26.     The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests.  Defendants have acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

27.     Plaintiff Maxwell will fairly and adequately protect and represent the interests of the Class.  The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendants' conduct was perpetrated on all members of the Class and will be established by common proof.  Moreover, Plaintiff Maxwell has retained counsel experienced in class action litigation, including class actions brought under the FDCPA.

**PRAYER FOR RELIEF**

Plaintiff, Shelley Maxwell, individually and on behalf of all other similarly situated, prays that this Court:

1.      Certify this matter as a class action, and appoint Plaintiff Maxwell as the class representative, and her attorneys as class counsel;

2.      Find that Defendants' form collection letter violates the FDCPA;

3.      Enter judgment in favor of Plaintiff Maxwell and the class, and against Defendants, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

4.      Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Shelley Maxwell, individually and on behalf of all other similarly situated, demands trial by jury.

          Shelley Maxwell, individually and on
          behalf of all others similarly situated,

          By: /s/ David J. Philipps
          One of Plaintiff's Attorneys

Dated: February 15, 2017

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com